UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | : | 07 CV 10694 (DC) |
| Plaintiff | : | |
| V. | : | |
| | | **ANSWER** |
| GREAT AMERICAN TECHNOLOGIES, INC. and VINCENT SETTEDUCATE a/k/a VINCENT SETTE, | : | |
| Defendants | : | |

_____

Defendant VINCENT SETTEDUCATE (hereinafter SETTE), by his attorney Martin R. Stolar, for his answer and affirmative defenses to the complaint of the Securities and Exchange Commission dated November 30, 2007, responds and alleges as follows:

1. SETTE denies the allegations contained in paragraph 1 of the complaint except to admit that between approximately May 2002 and February 2007, GAT and SETTE sold common stock valued at over $2.3 million to over 100 investors.

2. SETTE denies the allegations of paragraph 2 of the complaint except admits that GAT offers, among other products, a service called "Mailcall" that allows users to hear readouts of e-mails and web pages over the telephone.

3. SETTE admits the allegations of paragraph 3 of the complaint, except for

the last sentence which states a legal conclusion to which no response is required.

4. SETTE denies the allegations of paragraph 4 of the complaint.

5. SETTE offers no response to paragraph 5 of the complaint as it states legal conclusions and a summary of plaintiff's claims.

6. SETTE denies the allegations of paragraph 6 of the complaint.

7. SETTE does not respond to the legal conclusions of paragraph 7 of the complaint but admits that GAT and SETTE sold stock to investors in Nyack, New York.

8. SETTE admits the allegations of paragraph 8 of the complaint.

9. SETTE admits the allegations of paragraph 9 of the complaint, but denies the use of the word "purportedly".

10. SETTE admits the allegations of paragraph 10 of the complaint, except denies that he is a "recidivist securities law violator" and admits that he is and was Executive Vice-President of Marketing and Sales and Business Development.

11. SETTE admits the allegations of paragraph 11 of the complaint.

12. SETTE admits the allegations of paragraph 12 of the complaint but denies the word "purportedly".

13. SETTE admits the allegations of paragraph 13 of the complaint but de nies the term " private placement".

14. SETTE admits te allegations of paragraph 14 of the complaint.

15. SETTE denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the complaint as no time period is alleged.

16. SETTE admits the allegations of paragraph 16 of the complaint but denies knowledge or information sufficient to form a belief as to "unaccredited investors"

17. SETTE admits the allegations of paragraph 17 of the complaint, except for "unaccredited investors" as in paragraph 16 above.

18. SETTE admits the allegations of paragraph 18.

19. SETTE denies the allegations of paragraph 19.

20. SETTE admits the allegation of paragraph 20 but denies the allegation with respect to Kentucky.

21. SETTE denies the allegations of paragraph 21.

22. SETTE denies the allegations of paragraph 22.

23. SETTE denies the allegations of paragraph 23.

24. SETTE denies the allegations of paragraph 24.

25. SETTE does not respond to the allegations of paragraph 25 because the letter referenced therein speaks for itself.

26. SETTE denies the allegations of paragraph 26.

27. SETTE denies the allegations of paragraph 27.

28. SETTE does not respond to the allegations of paragraph 28 as the letter speaks for itself.

29. SETTE denies the allegations of paragraph 29.

30. SETTE denies the allegations of paragraph 30.

31. SETTE admits the allegations of paragraph 31.

32. SETTE denies the allegations of paragraph 32.

33. SETTE denies the allegations of paragraph 33.

34. SETTE denies the allegations of paragraph 34.

35. SETTE denies the allegations of paragraph 35.

36. SETTE denies the allegations of paragraph 36 except admits that GAT had not filed a registration statement with the Commission.

37. SETTE denies the allegations of paragraph 37.

38. SETTE admits the allegations of paragraph 38.

39. SETTE admits the allegations of paragraph 39.

40. SETTE denies the allegations of paragraph 40.

41. SETTE denies the allegations of paragraph 41.

42. SETTE denies the allegations of paragraph 42.

43. SETTE denies the allegations of paragraph 43 except admits that he received salary and reimbursement for expenses.

44. SETTE admits the allegations of paragraph4.

45. SETTE admits the allegations of paragraph 45 but denies the word "routinely".

46. SETTE repeats the allegations in paragraphs 1 - 45 above in answer to paragraph 46.

47. SETTE denies the allegations of paragraph 47.

48. SETTE denies the allegations of paragraph 48.

49. SETTE denies the allegations of paragraph 49.

50. SETTE denies the allegations of paragraph 50.

51. SETTE repeats the allegations of paragraphs 1 - 50 above in answer to paragraph 51.

52. SETTE denies the allegations of paragraph 52.

53. SETTE denies the allegations of paragraph 53.

## AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

54. The purported mis-representations allegedly made by SETTE and GAT were not material.

SECOND AFFIRMATIVE DEFENSE

55. The complaint's allegations against SETTE and GAT fail to allege loss causation or actual or proximate causation.

THIRD AFFIRMATIVE DEFENSE

56. The securities at issue in the complaint were exempt from registration.

WHEREFORE, SETTE requests that the COURT dismiss all claims against him, and grant such other and further relief as is just and proper.

Dated: New York, NY
February 20, 2008

_____/s/_____
Martin R. Stolar (MS 1576)
Attorney for Vincent Sette
351 Broadway
New York, NY 10013
212-219-1919
Mrslaw37@hotmail.com

TO:
Securities and Exchange Commission
Mark K Schonfeld

Kay Lackey
Robert Murphy
William Finkel
New York Regional Office
3 World Financial, Room 4300
New York, NY 10281

CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2008 I serve the ANSWER of

VINCENT SETTE by depositing same in prepaid first class mail addressed to:

>Securities and Exchange Commission
>Mark K Schonfeld
>Kay Lackey
>Robert Murphy
>William Finkel
>New York Regional Office
>3 World Financial, Room 4300
>New York, NY 10281

Dated: New York, New York
        February 20, 2008

_____/s/_____
Martin R. Stolar