Bridget M. Rohde (brohde@mintz.com)
Narges M. Kakalia (nmkakalia@mintz.com)
MINTZ LEVIN COHN FERRIS
  GLOVSKY & POPEO, PC
666 Third Avenue
New York, NY 10017
(212) 935-3000
(212) 983-3115 (fax)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | 07 CV 10694 (DC) |
| Plaintiff, | |
| v. | **ANSWER AND AFFIRMATIVE DEFENSES** |
| GREAT AMERICAN TECHNOLOGIES, INC. and VINCENT SETTEDUCATE a/k/a VINCENT SETTE, | |
| Defendants. | |

---

## ANSWER OF DEFENDANT GREAT AMERICAN TECHNOLOGIES, INC.

Defendant Great American Technologies, Inc. ("GAT"), by its attorneys, Mintz Levin Cohn Ferris Glovsky & Popeo, P.C., for its Answer and Affirmative Defenses to the Complaint of the Securities and Exchange Commission ("SEC") dated November 30, 2007 (the "Complaint"), responds and alleges as follows:

1.  GAT denies all the allegations contained in paragraph 1 of the Complaint except to admit that between approximately May 2002 and February 2007, GAT and Sette sold common stock valued at over $2.3 million to over 100 investors.

2.  GAT denies the allegations contained in paragraph 2 of the Complaint, except as to the following: GAT admits that it offers, among other products, a service called

"MailCall" that allows users to hear readouts of e-mails and web pages over the telephone; GAT admits "Sette told investors that GAT's MailCall system was capable of handling thousands of users;" GAT admits that "Sette told investors that GAT had signed contracts with several companies and organizations to market and/or use the MailCall service;" and GAT admits that "GAT[] had not taken any significant steps to conduct an IPO."

3. GAT admits that GAT and Sette offered and sold unregistered GAT stock to investors, and no registration statement was filed or otherwise in effect for these transactions. The last sentence of paragraph 3 states a legal conclusion to which no response is required.

4. GAT denies all the allegations contained in paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint states legal conclusions and a summary of Plaintiff's alleged claims, to which no response is required.

6. GAT denies all the allegations contained in paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint states legal conclusions to which no response is required.

8. GAT denies all the allegations contained in paragraph 8 of the Complaint.

9. GAT admits all the allegations contained in paragraph 9 of the Complaint.

10. GAT denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 10, except to admit the following: GAT admits that Sette ran the company's daily operations; GAT admits that in a prior civil action, Sette was enjoined from future violations of the Securities and Exchange Act; and GAT admits that in a prior criminal action Sette pled guilty to a securities fraud scheme and

received a sentence of probation. In further answering, GAT admits that Sette <u>was</u> GAT's Senior Executive Vice President of Marketing and Sales.

11. GAT admits all the allegations contained in paragraph 11 of the Complaint.

12. GAT admits all the allegations contained in paragraph 12 of the Complaint.

13. GAT denies the allegations contained in paragraph 13 of the Complaint, except as to the following: GAT admits that as a startup company, GAT needed funding to operate; GAT admits that beginning in approximately May 2002, Sette, and other officers of GAT, began soliciting investors.

14. GAT admits all the allegations contained in paragraph 14 of the Complaint.

15. GAT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, as that paragraph is temporally vague.

16. GAT admits all the allegations contained in paragraph 16 of the Complaint.

17. GAT admits all the allegations contained in paragraph 17 of the Complaint.

18. GAT admits all the allegations contained in paragraph 18 of the Complaint.

19. GAT denies all the allegations contained in paragraph 19 of the Complaint.

20. GAT admits the allegations contained in paragraph 20, except that it denies the allegation with respect to Kentucky.

21. GAT denies all the allegations contained in paragraph 21 of the Complaint.

22. GAT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. GAT denies all the allegations contained in paragraph 23 of the Complaint.

24. GAT denies the allegations contained in paragraph 24 of the Complaint. In further responding, GAT notes that at the relevant time, GAT had signed contracts with the National Federation of the Blind and Mortgage Training Institute; GAT believed in good faith that it had agreements, in principle, with Callwave, Value Inn Hotels, Colorado Bar Association, Denver Business Journal and Denver Chamber of Commerce.

25. GAT denies the allegations contained in the first sentence of paragraph 25, and no response is required as to the remaining allegations of that paragraph, as the document referenced therein speaks for itself.

26. GAT denies the allegations contained in paragraph 26 of the Complaint as to the National Federation of the Blind, but admits all the allegations as to Callwave and Value Inn Hotels.

27. GAT denies all the allegations contained in paragraph 27 of the Complaint.

28. No response is required as to the allegations contained in paragraph 28 of the Complaint, as the document referenced therein speaks for itself.

29. GAT denies the allegations contained in paragraph 29 of the Complaint, for the reasons set forth in response to the allegations contained in paragraph 24 above.

30. GAT denies all the allegations contained in paragraph 30 of the Complaint.

31. GAT denies all the allegations contained in paragraph 31 of the Complaint.

32. GAT denies all the allegations contained in paragraph 32 of the Complaint.

33. GAT denies all the allegations contained in paragraph 33 of the Complaint.

34. GAT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

35.     GAT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36.     GAT denies that any representations about an upcoming IPO were made in or around 2002, and admits all the remaining allegations contained in paragraph 36 of the Complaint.

37.     GAT denies all the allegations contained in paragraph 37 of the Complaint.

38.     GAT admits all the allegations contained in paragraph 38 of the Complaint.

39.     GAT admits all the allegations contained in paragraph 39 of the Complaint.

40.     GAT denies all the allegations contained in paragraph 40 of the Complaint.

41.     GAT denies all the allegations contained in paragraph 41 of the Complaint.

42.     GAT denies all the allegations contained in paragraph 42 of the Complaint.  In further answering, GAT asserts that no private placement occurred on or around February 1, 2005.

43.     For the reasons stated in response to the allegations contained in paragraph 42 of the Complaint, GAT denies all the allegations contained in paragraph 43 of the Complaint.

44.     GAT admits all the allegations contained in paragraph 44 of the Complaint.

45.     GAT admits all the allegations contained in paragraph 45 of the Complaint.

46.     GAT repeats and realleges its responses to paragraphs 1 through 45 of the Complaint.

47.     GAT denies all the allegations contained in paragraph 47 of the Complaint.

48.     GAT denies all the allegations contained in paragraph 48 of the Complaint.

49.     GAT denies all the allegations contained in paragraph 49 of the Complaint.

50. GAT denies all the allegations contained in paragraph 50 of the Complaint.

51. GAT repeats and realleges its responses to paragraphs 1 through 51 of the Complaint.

52. GAT denies all the allegations contained in paragraph 52 of the Complaint.

53. GAT denies all the allegations contained in paragraph 53 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

54. The Complaint fails to state a claim against GAT upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

55. Plaintiff's Claims are barred by the applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

56. The purported misrepresentations allegedly made by GAT were not material.

### FOURTH AFFIRMATIVE DEFENSE

57. The Complaint's allegations against GAT fail to allege loss causation or actual or proximate causation.

### FIFTH AFFIRMATIVE DEFENSE

58. The securities at issue in the Complaint were exempt from registration.

WHEREFORE, GAT respectfully requests that this Court dismiss all claims asserted against GAT, and grant such other and further relief as is just and proper.

Dated: New York, New York
      February 22, 2008

    MINTZ LEVIN COHN FERRIS
    GLOVSKY & POPEO, PC

    /s/ NM Kakalia
    ———————————————
    Bridget M. Rohde
    Narges M. Kakalia
    666 Third Avenue
    New York, New York 10017
    (212) 935-3000

    *Attorneys for Defendant Great American Technologies*

4236297v.3

# **CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2008 I serve the ANSWER of GREAT AMERICAN TECHNOLGIES, INC. by depositing same in prepaid first class mail addressed to:

>Securities and Exchange Commission
>Mark K Schonfeld
>Kay Lackey
>Robert Murphy
>William Finkel
>New York Regional Office
>3 World Financial, Room 4300

Dated: New York, New York
February 22, 2008

_____/s/_____
Narges M. Kakalia