```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x
                                  :
SECURITIES AND EXCHANGE           :
COMMISSION,                       :
                                  :
                  Plaintiff,      :      MEMORANDUM DECISION
                                  :
     - against -                  :      07 Civ. 10694 (DC)
                                  :
GREAT AMERICAN TECHNOLOGIES, INC. :
and VINCENT SETTEDUCATE a/k/a     :
VINCENT SETTE,                    :
                                  :
                  Defendant.      :
                                  :
- - - - - - - - - - - - - - - - -x
```

APPEARANCES:         RICHARD G. PRIMOFF, ESQ.
                     Securities and Exchange Commission
                     3 World Financial Center
                     New York, New York  10281

                     VINCENT SETTEDUCATE
                     Defendant Pro Se
                     211 Warren Street
                     Newark, New Jersey  07103

**CHIN, District Judge**

The Securities and Exchange Commission (the "SEC") moves for the entry of default judgment as to defendant Vincent Setteducate a/k/a Vincent Sette. The motion is GRANTED. The Court orders disgorgement and prejudgment interest, and imposes a third-tier civil penalty and injunctive relief.

## DISCUSSION

### A. Entry of Default Judgment

The Court entered a default against Mr. Sette on December 15, 2009. See SEC v. Great American Technologies, Inc., No. 07-10694 (DC), 2009 WL 4885153 (S.D.N.Y. 2009). On December 29, 2009, the SEC moved for entry of default judgment. On

Case 1:07-cv-10694-DLC   Document 60   Filed 04/08/10   Page 2 of 7

January 27, 2009, Mr. Sette submitted a letter opposing the SEC's motion.  Mr. Sette's objections are overruled.

First, Mr. Sette's letter does not address the issues presented in the motion in question.  Rather, he seeks to re-litigate matters that have already been decided -- namely, the circumstances surrounding his disobedience of the Court's multiple orders compelling him to submit to a deposition.  Mr. Sette now claims that the Court's sanctions are unjust because the Court would not "allow" him to have legal counsel accompany him to the deposition.  (Sette Ltr. at 1).  He misstates the facts.  The Court declined to <u>appoint</u> counsel for Mr. Sette; he was always welcome to engage his own legal counsel, but the Court was not inclined to appoint <u>pro bono</u> counsel for Mr. Sette, nor were court funds available to pay for an attorney for him.

Second, and more importantly, the documentary evidence of Mr. Sette's misconduct is compelling.  Mr. Sette's company, Great American Technologies ("GAT"), raised more than $2.3 million from investors from May 2002 to January 2004.  (Finkel Decl. ¶ 4, Exs. D & E; Answer ¶ 1).  Of the $2.3 million, Mr. Sette <u>personally</u> received at least $1 million.  (<u>Id.</u> at ¶ 5, Exs. G & H).  The SEC provides dozens of pages of documents that reveal a stunning number of ATM withdrawals, checks made out to "Cash" that were endorsed by Mr. Sette (including one check for $25,000), and checks made payable to the order of Mr. Sette.

Mr. Sette does not dispute the SEC's numbers or its documentary evidence.  He simply claims that he was too "poor" to

engage a lawyer for his deposition, and thus did not find it in his best interest to attend. (Sette Ltr. at 3). This statement does not ring true, given the extent of the funds that he appropriated from GAT's investors. A default judgment will enter in favor of the SEC.

B.  **Remedies**

   1.  **Disgorgement & Prejudgment Interest**

   After finding a violation of the securities laws, the district court has "broad equitable power to fashion appropriate remedies, including ordering that culpable defendants disgorge their profits." SEC v. First Jersey Sec., Inc., 101 F.3d 1450, 1474 (2d Cir. 1996). "[T]he SEC bears the ultimate burden of persuasion that its disgorgement figure reasonably approximates the amount of unjust enrichment, [but] once the SEC has made a reasonable showing of a defendant's illicit profits, the burden shifts to the defendant to show that the disgorgement figure was not a reasonable approximation." SEC v. Tannenbaum, No. 99-6050 (ARR), 2007 WL 2089326, at *4 (E.D.N.Y. July 19, 2007) (alterations in original), quoting SEC v. Opulentica, LLC, 479 F. Supp. 2d 319, 330 (S.D.N.Y. 2007).

   "As with disgorgement, an award of prejudgment interest lies within the discretion of the Court." SEC v. Haligiannis, 470 F. Supp. 2d 373, 385 (S.D.N.Y. 2007). Prejudgment interest is generally calculated at the rate used by the Internal Revenue Service. First Jersey Sec., 101 F.3d at 1476.

Here, the SEC has met its burden of persuasion, and Mr. Sette has made no showing to contradict the SEC's numbers. Mr. Sette has conceded that GAT obtained more than $2.3 million from investors. (Answer ¶ 1). The precise figure -- $2,319,160 -- is established by GAT's own business records. (Finkel Decl. ¶ 4). After the entry of default, the Court now presumes the truth of the complaint's allegations that those funds were fraudulently obtained based on misrepresentations to investors and an unlawful unregistered stock offering. Mr. Sette has made no effort to dispute these numbers.

As someone who controlled GAT, Mr. Sette is jointly and severally liable with GAT for disgorgement of all of the proceeds. See First Jersey Sec., 101 F.3d at 1475-76 (2d Cir. 1996). Mr. Sette is also liable for prejudgment interest, calculated based on the IRS rate. Id. at 1476.

### 2. Civil Penalties

Section 20(d) of the Securities Act and section 21(d)(3) of the Exchange Act authorize the imposition of civil penalties in three tiers, depending on the severity of the offense. If the violation "involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement" and "directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons," the third tier authorizes a penalty up to the greater of $120,000 for each individual violation or the gross pecuniary gain from the violation. See 15 U.S.C. §§ 77t(d)(2)(C) &

78u(d)(3)(B)(iii), adjusted for inflation by 17 C.F.R. § 201.1002, Table II to Subpart E.

Here, Mr. Sette spent five years engaged in an unregistered offering of securities. His conduct resulted in over $2.3 million in losses to more than 100 investors. He also knowingly diverted over $1 million in company funds through ATM withdrawals, checks written to "Cash," and checks written to himself. A stringent civil penalty is "necessary to persuade [the defendant] not to engage in this conduct again," SEC v. Drucker, 528 F. Supp. 2d 450, 453 (S.D.N.Y. 2007), as well as to serve as "a deterrent to like-minded individuals." SEC v. Koenig, 532 F. Supp. 2d 987, 996 (N.D. Ill. 2007).

Mr. Sette's violations involved fraud and deceit and they created substantial losses for investors. The Court imposes a third-tier civil penalty against him equal to the scheme's pecuniary gain: $2,319,160.

### 3. Injunctive Relief

Under section 20(b) of the Securities Act and section 21(d)(1), the Court may order a permanent injunction against violations of the securities laws "where there has been a violation of the federal securities laws and there is a reasonable likelihood of future violations." Haligiannis, 470 F. Supp. 2d at 383 (2007). Under section 21(d)(2) of the Exchange Act, the Court may prohibit an individual from serving as an officer or director of a public company where the person has violated the anti-fraud provisions and "the person's conduct

demonstrates unfitness to serve as an officer or director of any such issuer."

Mr. Sette's conduct -- as alleged in the complaint, corroborated by the evidence, and demonstrated to the Court over the course of this litigation -- renders him unfit to serve as an officer or director of an issuer. He is enjoined from committing future violations of the securities laws, and he is prohibited from serving as an officer or director of an issuer of securities in the future.

## CONCLUSION

For the reasons set forth above, default judgment will enter against Mr. Sette.

SO ORDERED.

Dated: New York, New York
April 8, 2010

DENNY CHIN
United States District Judge